UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN JOSEPH VAILETTE III,

              Plaintiff,

-against-

WARDEN LINDSAY, *MDC Brooklyn*, MR. RIOS,
*Physician Assistant (MDC Brooklyn Federal
Detention Center)*, MS. RIOS, *Physician Assistant
(MDC Brooklyn Federal Detention Center)*, and ANY
NAMED AND UNNAMED CONCERNING
MEDICAL INDIFFERENCE,

              Defendants.
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 29 2011 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

11-CV-3610 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff John Joseph Vailette III ("Vailette"), pro se, is a federal prisoner currently incarcerated at the Federal Correctional Institution in Otisville, New York. (Compl. (Docket Entry # 1).) Vailette brings claims based on alleged indifference to his medical needs by staff at the Metropolitan Detention Center ("MDC"), a federal facility in Brooklyn, New York, where he was previously incarcerated. (See id. at 8.) Vailette moves to proceed in forma pauperis (Docket Entry # 5) and for the appointment of counsel (Docket Entry ## 6, 7). The court grants Vailette's motion to proceed in forma pauperis and denies without prejudice his motion for the appointment of counsel.

I.    **BACKGROUND**[1]

    Vailette alleges that, on or about May 15, 2009, he began to "send sick call slips" to the Medical Department at the MDC, informing them that he was suffering from fever, body aches, swelling in his left leg, and dizziness. (Compl. at 8.) In May and June 2009, MDC staff

---

[1] The facts alleged in Vaillet's Complaint are summarized more fully in the court's October 14, 2011 Memorandum & Order. (Docket Entry # 8 at 1-3.)

1



members ignored Vailette's repeated requests for medical attention. (Id. at 2, 8.) Eventually, Vailette was hospitalized due to swelling in his leg, underwent two surgeries, and remained in the hospital for treatment for over three weeks. (Id. at 3, 8.) Medical staff at the hospital informed Vailette that "this would have never occurred had [prison staff] not waited so long to give [him] proper medical attention." (Id. at 8.) Vailette alleges that he continues to suffer from "pain and discomfort" in his knees and back, that he has difficulty walking, and that he is "[s]till awaiting proper medical attention to solve this matter." (Id.) Vailette also indicates that he filed a grievance with the "Regional Office" in connection with the incidents described above. (Id. at 4.)

On October 14, 2011, this court issued a Memorandum and Order, which—reading the Complaint liberally—interpreted it as attempting to state claims for negligence or medical malpractice under the Federal Tort Claims Act, and deliberate indifference in violation of Vailette's Eighth Amendment rights under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (See Mem. & Order (Docket Entry # 8) at 4-8.) Because the facts asserted in the original Complaint are insufficient to state either of these claims, the court granted Vailette 60 days in which to amend his Complaint and provided specific instruction about what additional information would be necessary with respect to each of the claims. (Id. at 8-10.) The court deferred on Vailette's motion to proceed in forma pauperis and his motion for the appointment of counsel until he filed his amendments. (Id. at 1.)

By letter dated December 11, 2011, Vailette provided additional information about his claims and attempted to address the issues raised in the court's Memorandum and Order. (Letter Amending Claims (Docket Entry # 9).) The court reads these additions as amendments to his Complaint for the purposes of fulfilling the court's previous Order.

2

## III. DISCUSSION

"There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994); see also 28 U.S.C. § 1915(e). Rather, the court has "broad discretion" when deciding whether to appoint counsel pursuant to 28 U.S.C. § 1915. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see also Burgos, 14 F.3d at 789. The standard that the Second Circuit Court of Appeals outlined in Hodge governs this court's review of Vailette's application for court appointed counsel. Under the Hodge standard, a court must first determine "whether the indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61. If an application meets this threshold "merit" requirement, the court must consider the other factors appropriate to a determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir.1989); see also Hodge, 802 F.2d at 61-62; Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997).

The court finds that Vailette's Complaint, as amended by his December 11, 2011 letter, is insufficient to meet the threshold merit requirement at this early stage in the litigation. The court is, however, concerned about Vailette's serious allegations regarding the failure of MDC staff to adequately address his medical needs. Following service of Defendants' Answer, this matter is referred to Magistrate Judge Roanne L. Mann for supervision of pretrial preparation, including initial discovery. As the action proceeds, Vailette is directed to consult with Judge Mann about whether, and when, a renewed application for the appointment of counsel may be appropriate, as well as how to further amend his Complaint.

## III. CONCLUSION

Vailette's motion to proceed in forma pauperis is granted. Defendants are directed to file their Answer within 30 days of this Order. Vailette's motion for the appointment of counsel is denied without prejudice. Following service of Defendants' Answer, Magistrate Judge Roanne L. Mann shall supervise pretrial preparation, including initial discovery. If, after discovery, Vailette wishes to renew his motion for the appointment of counsel, he may do so at that time.
SO ORDERED.

/S/

Dated: Brooklyn, New York
December 2?, 2011

NICHOLAS G. GARAUFIS
United States District Judge