UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN JOSEPH VAILETTE III,

                        Plaintiff,

      -against-

WARDEN LINDSAY and PHYSICIAN
ASSISTANT SIXTOS RIOS,

                        Defendants.
-------------------------------------------------------------------X

**ORDER**

**11-CV-3610 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff, a federal prisoner currently incarcerated at the Donald W. Wyatt Detention Facility in Central Fall, Rhode Island, filed this pro se action alleging that Defendants were indifferent to his medical needs while he was incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (Compl. (Dkt. 1).) Pending before the court are Defendant Sixtos Rios's Motion to Dismiss (Mot. to Dismiss (Dkt. 20)) and Plaintiff's Motion to Amend/Correct/Supplement Claim (Mot. to Amend (Dkt. 30)). For reasons stated below, Defendant Rios's motion is GRANTED IN PART AND DENIED IN PART, and Plaintiff's motion is DENIED. The Complaint against Defendant Lindsay is DISMISSED WITHOUT PREJUDICE.

**I.    BACKGROUND**

Plaintiff states that the incidents in question took place between May 15 and June 15, 2009. (Compl. at 2.) He alleges that, on or about May 15, 2009, he began to "send sick call slips" to the Medical Department at the MDC, informing them at least five times that he was suffering from fever, body aches, swelling in his left leg, and dizziness. (Id. at 8.) At some point, Plaintiff spoke to Defendant Sixtos Rios, a Physician's Assistant, and showed Rios his leg,

1

saying that it needed medical attention. (Id.) Plaintiff did the same with "several other staff members from officers to medical staff." (Id.) Soroya Rosa, a Mid-Level Provider, allegedly told Plaintiff "not to worry about it" and that the swelling in his leg would go down. (Am. Compl. (Dkt. 10) at 1.)

On May 29, 2009, Plaintiff fell in the shower, due to dizziness caused by his fever and the swelling in his leg. (Compl. at 8.) He subsequently approached a corrections officer named Perry and again requested medical attention. (Id.) Perry called the Medical Department, "and their response was go lay down." (Id.) Perry also called Lt. Guimond, who came to see Plaintiff and informed him that the Medical Department staff had ignored Perry's call and had simply gone "home for the night." (Id.)

The next day, Plaintiff was brought to the Medical Department at his own request and was then "immediately" taken to the hospital, because of the "seriousness" of the swelling in his leg. (Id.) Plaintiff subsequently had two (unspecified) surgeries and remained in the hospital for treatment for over three weeks. (Id. at 3, 8.) At some point, Plaintiff was informed by "medical staff at the hospital this would have never occurred had [prison staff] not waited so long to give [him] proper medical attention." (Id. at 8.) After the surgeries, Plaintiff continued to suffer from "pain and discomfort" in his knees and back and had problems walking. (Id.) At the time of filing his Complaint, Plaintiff stated that he was "[s]till awaiting proper medical attention to solve this matter." (Id.)

## II. PROCEDURAL HISTORY

Plaintiff initiated this pro se action on June 1, 2011, pursuant to 42 U.S.C. § 1983, seeking money damages for alleged medical malpractice and seeking a court order that he receive proper medical treatment. (Compl. at 5.) By Memorandum and Order on October 14,

2011, the court reviewed the Complaint sua sponte pursuant to 28 U.S.C. § 1915A(a). (Dkt. 8.) Because Defendants are staff members of a federal prison, rather than a state entity, the court construed Plaintiff's Complaint as having been brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (Id. at 4.) The court concluded that the Complaint failed to allege facts sufficient to state either a negligence claim or an Eighth Amendment deliberate indifference claim. (Id. at 8.) However, because "a liberal reading of Vailette's Complaint indicates that he may be able to state a valid claim," Plaintiff was granted leave to amend his Complaint within 60 days to bring a negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), or a Bivens deliberate indifference claim alleging a violation of the Eight Amendment. (Id. at 4.) To the extent that Plaintiff wanted to pursue an FTCA claim, the court directed him to add the United States as a defendant and to attach to his Amended Complaint a copy of his administrative claim filed with the Bureau of Prisons ("BOP") pursuant to the FTCA and the BOP's response to that claim. (Id. at 5.)

Plaintiff filed an Amended Complaint on December 21, 2011. (Am. Compl.) In his Amended Complaint, Plaintiff pleaded certain additional facts, such as the names of certain MDC employees, which he had omitted from his initial Complaint. However, Plaintiff did not attach an FTCA administrative claim nor add the United States as a defendant, as directed by the court. (Id.) Rather, Plaintiff requested the appointment of counsel and an opportunity to take discovery. (Id. at 3.) Proof of service of process on Defendant Rios was filed on February 16, 2012, showing that Defendant Rios was served on January 20, 2012, after the filing of the Amended Complaint. (Dkt. 13.) No proof of service was ever filed as to Defendant Lindsay.

On May 11, 2012, the court granted leave to Defendant Rios to bring a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1), (b)(6), and (h)(3). (May 11, 2012, Order.) Defendant Rios

filed his motion on June 14, 2012.[1] (Mot. to Dismiss.) Appended to the Motion to Dismiss was a declaration of a BOP staff attorney and records of Plaintiff's administrative remedies from the BOP database. (Decl. of Nicole McFarland ("McFarland Decl.") (Dkt. 20).)

Plaintiff did not file a response by his deadline; instead he filed a motion to appoint counsel on July 24, 2012. (See Dkt. 22.) On August 15, 2012, Magistrate Judge Roanne L. Mann denied Plaintiff's motion without prejudice and extended the time for Plaintiff to file his response until September 14, 2012. (Aug. 15, 2012, Order (Dkt. 23).) Plaintiff requested and received two more extensions to serve his response to Defendant Rios's Motion to Dismiss. (Dkts. 24, 25, 27, 28.)

Despite receiving the benefit of three extensions, Plaintiff failed to submit a response to Defendant Rios's Motion to Dismiss. Instead, Plaintiff submitted his Motion to Amend on October 15, 2013 (Dkt. 30), and a letter requesting discovery on December 9, 2013 (Dkt. 31). Annexed to the Motion to Amend is documentation of an administrative remedy dated December 25, 2012, and a rejection letter dated July 22, 2013. (Dkt. 30-1.) Defendant Rios did not oppose Plaintiff's Motion to Amend nor request leave to file an amended motion to dismiss.

On April 12, 2014, Plaintiff received one final extension to file a response to Defendant Rios's Motion to Dismiss. (Apr. 12, 2014, Order (Dkt. 32).) The court warned that if Plaintiff failed to serve a timely response by April 30, 2014, Defendant Rios's Motion to Dismiss would be deemed unopposed. (Id.) Plaintiff again failed to serve a response, and the court now addresses the unopposed Motion to Dismiss.

---

[1] Under the court's Individual Rules, motions are not to be filed with the court until they are fully briefed. Rather, motions and response papers should only be served by the parties on each other, and the fully briefed motion should be filed with the court on the date of the reply. The Clerk of Court terminated Defendant Rios's motion for being filed prematurely before it was fully briefed. However, the motion still remains accessible to the court on the electronic docket.

## III. DEFENDANT RIOS'S MOTION TO DISMISS

Defendant Rios has filed the Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(1), (6), and (h)(3). (Mot. to Dismiss at 2.) When faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6), a court should "decide the 'jurisdictional question [under Rule 12(b)(1) ] first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" Tirone v. N.Y. Stock Exch., Inc., No. 05-CV-8703 (WHP), 2007 WL 2164064, at *3 (S.D.N.Y. July 27, 2007) (quoting Magee v. Nassau Cnty. Med. Ctr., 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

### A. Legal Standard

#### 1. Motion to Dismiss Pursuant to Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The party invoking the court's jurisdiction has the burden of proving such jurisdiction by a preponderance of the evidence. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); Makarova, 201 F.3d at 113. When considering a motion to dismiss under this subsection of Rule 12, the allegations of the complaint are construed in the plaintiff's favor. See Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992). However, in reaching its decision, the "court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Antares Aircraft, L.P. v. Fed. Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), vacated on other grounds, 505 U.S. 1215 (1992), reaff'd on remand, 999 F.2d 33 (2d Cir. 1993); see also

Makarova, 201 F.3d at 113; Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

  2. Motion to Dismiss Pursuant to Rule 12(b)(6)

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of plaintiffs. Bolt Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Unlike a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court considering a Rule 12(b)(6) motion to dismiss for failure to state a claim generally may not consult evidence outside the pleadings. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 n.6 (2d Cir. 2001); Burgess v. Goord, No. 98-CV-2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999) ("In general, a court may not look outside the pleadings on a Rule 12(b)(6) motion to dismiss. However, the mandate to read the papers of pro se litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum.") (internal quotation marks and citations omitted); see also Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). If matters outside the pleadings are presented to the court, a court may convert the motion to dismiss into a summary judgment motion. See Fed. R. Civ. P. 12(d).

### 3. Pro Se Complaints

Where plaintiffs proceed pro se, their submissions are held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court must "read the pleadings . . . liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted). However, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuch, 710 F.2d 90, 95 (2d Cir. 1983)). "Thus, the duty to liberally construe a defendant's complaint is not the equivalent of a duty to re-write it." Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotations and alterations omitted).

### B. Negligence Claim

Defendant Rios argues that to the extent the instant action is construed as sounding in negligence, it must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3). (Mot. to Dismiss at 10.) While allegations of negligence do not state a claim under the Constitution, Adekoya v. Fed. Bureau of Prisons, 375 F. App'x 119, 121 (2d Cir. 2010), the FTCA permits plaintiffs to bring civil actions against the United States for money damages based on "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The FTCA provides "a limited waiver of sovereign immunity, making the [f]ederal [g]overnment liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976).

### 1. Proper Defendant

Defendant Rios argues initially that the action should be dismissed because Plaintiff has failed to name the United States as a defendant. (Mot. to Dismiss at 9.) Under the FTCA, a plaintiff's "exclusive" remedy is an action against the United States, not a federal agency such as the BOP or a federal employee. See 28 U.S.C. § 2679(b)(1); see also C.P. Chem. Co. v. United States, 810 F.2d 34, 37 n.1 (2d Cir. 1987). Because the remedy provided by the FTCA against the United States is exclusive, the United States is the only proper party defendant in an FTCA action. Section 2679 further provides that upon certification by the "Attorney General that the defendant employee was acting within the scope of his office or employment," the United States "shall be substituted as the party defendant," 28 U.S.C. § 2679(d)(1), and the "action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title . . . ." Id. § (d)(2). A brief on behalf of named defendants is sufficient to certify that they were employees acting within the scope of their employment. See Cates v. Williams, No. 08-CV-1529 (HB), 2009 WL 723021, at *5 (S.D.N.Y. Mar. 19, 2009), aff'd sub nom. Cates v. Potter, 363 F. App'x 822 (2d Cir. 2010).

Upon its initial sua sponte review of Plaintiff's Complaint, the court directed him to add the United States as a defendant to the extent Plaintiff sought to state a claim sounding in negligence. (Dkt. 8 at 5 (citing 28 U.S.C. §§ 2679(b)(1), (d)(1)).) Plaintiff's Amended Complaint, however, fails to add the United States as a party to this action. (See Am. Compl.) For his part, Defendant Rios has similarly failed to submit a certification that he was acting within the scope of his office or employment and requesting that the United States be substituted. Accordingly, the court could consider this negligence claim abandoned and dismiss it for lack of jurisdiction. However, to the extent that the pro se Plaintiff did not intend to abandon his

negligence claim, the court may construe it as a claim against the United States. See Williams, 2009 WL 723021, at *5 (construing a plaintiff's FTCA claim against prison officials as a claim brought against the United States); Hylton v. Fed. Bureau of Prisons, No. 00-CV-5747 (RR), 2002 WL 720605, at *2 (E.D.N.Y. Mar. 11, 2002) (same). Here, the pleadings make clear that Defendant Rios is an MDC employee who is sued for his personnel decisions. Consequently, in deference to Plaintiff's pro se status, the court substitutes the United States as the party defendant with respect to his negligence claim.

2. Exhaustion under the FTCA

Defendant Rios maintains that even if Plaintiff's claim were construed as a tort claim solely against the United States, it must still be dismissed because Plaintiff failed to exhaust the FTCA administrative remedies. (Mot. to Dismiss at 9.) "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005); see also Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999) ("Unless a plaintiff complies with that requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim.").

In order to properly exhaust administrative remedies, a federal prisoner must file "an FTCA claim with the Bureau of Prisons (BOP) regional office." Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 242 (2008) (citing 28 C.F.R. § 543.31(a)); Gay v. Terrell, No. 12-CV-2925 (CBA), 2013 WL 5437045, at *26 (E.D.N.Y. Sept. 27, 2013) ("For federal inmates, the presentment requirement of the FTCA is accomplished by filing a Form SF-95 with the BOP Regional Office for the facility where the claim arose."). If the plaintiff "is 'dissatisfied with the final agency action' [he] may . . . file suit in an 'appropriate U.S. District Court.'" Id. (citing 28

C.F.R. § 543.32(g)). "The burden is on the Plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987) (citations omitted).

In his initial Complaint, Plaintiff alleged that he filed a grievance with the "Regional Office" in connection with the facts at issue. (Compl. at 4.) As the court previously stated upon its sua sponte review of Plaintiff's Complaint, it was not entirely clear whether Plaintiff's grievance constituted "an FTCA claim," or whether the response of the "Regional Office" constituted "final agency action." (Dkt. 8 at 5.) Plaintiff only stated that there was "no finding" by the Regional Office. (Id.) At the time, the court granted Plaintiff leave to amend his Complaint, instructing him to include with his amended complaint a copy of his grievance to the Regional Office, as well as the Regional Office's response, if any. (Id.) While the Amended Complaint maintains that Plaintiff filed a grievance, it does not allege that Plaintiff filed any administrative claims pursuant to the FTCA. (Am. Compl. at 2.) Plaintiff has thus failed to plead that he filed a Form SF-95 or that he complied with the FTCA's administrative requirements. Furthermore, the BOP has no record of Plaintiff filing an FTCA administrative claim in connection with the medical care he received while incarcerated at MDC. (McFarland Decl. ¶ 19.) Because he did not file any response to Defendant Rios's Motion to Dismiss, Plaintiff has not disputed this representation. Accordingly, Plaintiff has failed to carry his burden of proving exhaustion, a jurisdictional requirement of the FTCA. Thus, to the extent that Plaintiff makes a claim sounding in negligence against the United States, it must be dismissed without prejudice for lack of subject matter jurisdiction. See Morales v. Mackalm, 278 F.3d 126, 128 (2d Cir. 2002) ("If a district court dismisses a prisoner's complaint for failure to exhaust

administrative remedies, it should do so without prejudice"), abrogated on other grounds by Porter v. Nussle, 534 U.S. 516 (2002).

### C. Deliberate Indifference Claim

Where a prison official exhibits "deliberate indifference to serious medical needs" of an inmate, the official violates the Eighth Amendment's prohibition of cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff's claim pursuant to the Eighth Amendment arises through the sovereign immunity waiver in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which permits suits involving constitutional claims to be maintained against individual federal officials.

#### 1. Exhaustion under the PLRA

Defendant Rios argues that Plaintiff's deliberate indifference claim must be dismissed because Plaintiff failed to exhaust the BOP's administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e et seq. (Mot. to Dismiss at 10.) Defendant Rios does not specify if the motion to dismiss the deliberate indifference claim is brought pursuant to Fed. R. Civ. P. 12 (b)(1) or 12(b)(6).

Prior to bringing a Bivens claim, a prisoner plaintiff must first exhaust his administrative remedies under the PLRA which provides that "[n]o action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until . . . administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 90-92 (2006) (holding that § 1997e(a) requires "proper exhaustion," which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)"). The Supreme Court has held that the PLRA exhaustion requirement "applies to all inmate suits about prison life," including

Eighth Amendment suits predicated on a single incident or episode. Porter v. Nussle, 534 U.S. 516, 532 (2002). Where it is clear that an inmate did not exhaust his administrative remedies, the court must dismiss the action. See Neal v. Goord, 267 F.3d 116, 117-18 (2d Cir. 2001), abrogated in part on other grounds by Porter v. Nussle, 534 U.S. 516 (2002); Harris v. Bowden, No. 03-CV-1617 (LAD), 2006 WL 738110, at *2 (S.D.N.Y. Mar. 23, 2006) ("Statutory exhaustion requirements are mandatory; courts may not dispense with them freely.") (citing Bastek v. Fed. Crop Ins. Corp., 145 F.3d 90, 94 (2d Cir. 1998)).[2]

The BOP has established a four-step administrative remedies process that federal inmates must follow to meet the PLRA's exhaustion requirement. First, the inmate must attempt to informally resolve any issue of concern with prison staff. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the informal resolution of the issue, he must submit a formal written Request for Administrative Remedy (BP-9) form within 20 calendar days of the date on which the basis for a remedy request occurred. 28 C.F.R. § 542.14(a). An inmate who is not satisfied with the response to his BP-9 may submit an appeal on a BP-10 form to the Regional Director within 20 calendar days of the date of the warden's signed response. 28 C.F.R. § 542.15. And an inmate who is not satisfied with the Regional Director's response may submit a final appeal on a BP-11 form to the General Counsel at the Central Office of Appeals within 30 calendar days of the Regional Director's signed response. Id.

However, the PLRA's exhaustion requirement does not affect the court's subject matter jurisdiction. Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003). Rather, failure to exhaust is understood to be an affirmative defense. Jones v. Bock, 549 U.S. 199, 216-17 (2007).

---

[2] Compliance with the PLRA's exhaustion requirements is excused, however, where: (1) administrative remedies are not available; (2) defendants have either waived this defense or acted so as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, otherwise justify the prisoner's failure to comply with the exhaustion requirement. Ruggiero v. Cnty. of Orange, 467 F.3d 170, 175-76 (2d Cir. 2006) (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)). Plaintiff has not asserted any of these grounds in his pleadings.

Therefore, the court cannot dismiss an inmate's action for lack of subject matter jurisdiction even if he failed to exhaust his administrative remedies. See, e.g., Varela v. Demmon, 491 F. Supp. 2d 442, 445-46 (S.D.N.Y. 2007). Thus, to the extent that Defendant Rios's motion is brought pursuant to Rule 12(b)(1), it is denied.

Furthermore, because exhaustion is not a jurisdictional requirement, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. Rather, "defendants bear the burden of showing non-exhaustion and the 'issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss.'" Foreman v. Comm. Goord, No. 02-CV-7089 (SAS), 2004 WL 385114, at *6 (S.D.N.Y. Mar. 2, 2004) (quoting Nicholson v. Murphy, No. 02-CV-1815 (MRK), 2003 WL 22909876, at *6 (D. Conn. June 16, 2003)).

Dismissal under Rule 12(b)(6) for failure to exhaust is therefore appropriate only where nonexhaustion is apparent from the face of the plaintiff's complaint. Martin v. City of New York, No. 11-CV-600 (PKC), 2012 WL 1392648, at *5 (S.D.N.Y. Apr. 20, 2012). Where nonexhaustion is not clear from the face of the complaint, a defendant's motion to dismiss pursuant to 12(b)(6) is not an appropriate vehicle. McCoy v. Goord, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003).

In addition, under Rule 12(d), where "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). In other words, if parties submit extrinsic evidence, the court has two options: (1) it may exclude such evidence and decide the motion on the complaint alone or (2) convert the motion to one for summary judgment and consider the extrinsic evidence. See, e.g., Shapiro v. Cmty. First Servs., Inc., No. 11-CV-4061 (KAM), 2013

WL 1122628 (E.D.N.Y. Mar. 18, 2013) (denying defendants' motion to dismiss and declining to convert it to a summary judgment motion); Thomas, 2010 WL 2507041 (granting the motion to dismiss on the pleadings, without converting it to a summary judgment motion); McCoy, 255 F. Supp. 2d at 251 (converting the motion to dismiss to a summary judgment motion and granting the motion); Arnold v. Goetz, 245 F. Supp. 2d 527, 540-41 (S.D.N.Y. 2003) (converting the motion to dismiss to a summary judgment motion and directing parties to submit additional evidence). It is well-established that "[f]ederal courts have . . . complete discretion in determining whether to convert [a] motion to one for summary judgment." Stephens v. Bayview Nursing & Rehab. Ctr., No. 07-CV-596 (JFB), 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2008) (internal quotation marks omitted). If the court converts a motion to dismiss into a summary judgment motion, Rule 12(d) directs the court to give all parties "reasonable opportunity to present all material pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d).

    2.    Discussion

In this case, Plaintiff alleged in his initial Complaint that he filed a grievance with the "Regional Office" in connection with the facts at issue. (Compl. at 4.) Plaintiff stated only that there was "no finding" by the Regional Office. (Id.) Plaintiff did not say whether he appealed that decision, stating only that he "was on transit/confined to wheelchair." (Id.) In his Amended Complaint, Plaintiff restated that he filed a grievance but did not add any allegations regarding exhaustion pursuant to the PLRA. (Am. Compl. at 2.) Although the Complaint is not a model of clarity, the court concludes that nonexhaustion is not apparent from the face of the pleadings, and thus Defendant's motion to dismiss pursuant to 12(b)(6) is not appropriate. See McCoy, 255 F. Supp. 2d at 249. Accordingly, the motion is denied.

Because Defendant Rios has provided evidence outside the pleadings to support his claim that Plaintiff failed to exhaust the established grievance procedure (see McFarland Decl.), the court is faced with question of conversion of Rios's motion to dismiss into a motion for summary judgment. The court concludes that several factors counsel against conversion of the motion to dismiss to a summary judgment motion. For one, Rule 12(d) requires the court to give all parties "reasonable opportunity to present all material pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d). Although the issue of exhaustion was raised by Defendant Rios two years ago in his Motion to Dismiss, there is no record that the Defendant Rios provided the pro se Plaintiff with notice of his obligations in opposing a motion to dismiss that refers to extrinsic materials, including the possibility that it may be converted into one for summary judgment, as required by Local Civil Rule 12.1 of the Eastern District of New York. Furthermore, Defendant Rios has not yet moved for summary judgment.[3] Because he has not moved for summary judgment, Defendant Rios has not filed a Local Rule 56.1 Statement or served Plaintiff a Notice to Pro Se Litigant Opposing Motion for Summary Judgment, pursuant to Local Civil Rule 56.2. Finally, pro se Plaintiff had no opportunity to conduct discovery on any issues relevant to Defendant Rios's PLRA exhaustion defense. For all these reasons, the conversion to a summary judgment motion is premature. Accordingly, the court declines to convert the motion at this time.

## IV. PLAINTIFF'S MOTION TO AMEND

By his motion, filed on October 15, 2013, Plaintiff seeks to amend the Complaint a second time to demonstrate that he has exhausted the grievance procedures by filing a written grievance and receiving denial from the BOP. (See Mot. to Amend.)

---

[3] Rather, Defendant clearly contemplates bringing a separate motion for summary judgment. (See Mot. to Dismiss at 11 n.1.)

15

A.  **Legal Standard**

"[L]eave to amend a complaint, particularly one of a pro se litigant, should be liberally granted." Schwamborn v. Cnty. of Nassau, 348 F. App'x 634, 635 (2d Cir. 2009) (citing Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003)). See also Fed. R. Civ. P. 15(a)(2) ("[t]he court should freely give leave when justice so requires"). At minimum, district courts should afford pro se plaintiffs permission to amend their complaints at least once where a liberal reading of the complaint suggests the existence of a colorable claim. Davis, 320 F.3d at 352.

Nonetheless, the court can deny such a request when "undue delay, bad faith, or dilatory motive . . . undue prejudice to the opposing party . . . [or] futility of the amendment" exist. Foman v. Davis, 371 U.S. 178, 182 (1962); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam); see also Schwamborn, 348 F. App'x at 635 (affirming denial of pro se prisoner plaintiff's motion to amend). Leave to amend may be denied as futile "where the claim or defense proposed to be added has 'no colorable merit.'" Oliver v. Demarinis & Co., No. 90-CV-7950 (SS), 1993 WL 33421, *5 (S.D.N.Y. 1993) (citation omitted). A court measures futility under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Nettis v. Levitt, 241 F.3d 186, 194 & n.4 (2d Cir. 2001). The decision whether to permit a plaintiff to amend his pleadings is committed to a district court's "sound discretion." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

B.  **Discussion**

Having amended his Complaint once already, Plaintiff now seeks to amend it a second time to demonstrate that he has exhausted the grievance procedures. Appended to his Motion to Amend is an administrative grievance that Plaintiff filed on December 25, 2012. (Dkt. 30-1.) The grievance, filed on a BOP Form BP-231, is directed to the BOP Central Office in

Washington, DC and refers to prior grievances filed on forms BP-9 and BP-10. (Id.) The rejection letter from the BOP is dated July 22, 2013. (Id.)

Proof of these grievances is futile because they all postdate the Complaint, which was filed on June 1, 2011, (Compl.) and Defendant Rios's Motion to Dismiss, which was filed on June 14, 2012. (Mot. to Dismiss.) The law is clear that "[exhaustion] must be completed before suit is filed, and completing the exhaustion requirements only after filing suit is insufficient." Burgos v. Craig, 307 F. App'x 469, 470 (2d Cir. 2008); see also Neal, 267 F.3d at 121-22 ("Where a prisoner fails to properly exhaust his administrative remedies before filing suit, the action must be dismissed."). Any attempts to cure a potential failure to exhaust administrative remedies at this late stage must be disregarded. Kasiem v. Switz, 756 F. Supp. 2d 570, 575 (S.D.N.Y. 2010) ("[P]ost-exhaustion amendment of pleadings filed originally before exhaustion to reflect that exhaustion has become complete cannot cure the original nonexhaustion defect."); see also Gay, 2013 WL 5437045, at *3. Thus, the second amendment of the Complaint would be futile. Accordingly, Plaintiff's Motion to Amend is denied.

## V. DEFENDANT LINDSAY

"Federal Rule of Civil Procedure 4(m) governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected." Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007), cert. denied, 552 U.S. 1243 (2008). Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

In this case, Plaintiff filed the Complaint on June 1, 2011, and the Amended Complaint on December 29, 2011. (Compl.; Am. Compl.) Proof of service of process on Defendant Rios was filed on February 16, 2012, showing that Defendant Rios was served on January 20, 2012.[4] (Dkt. 13.) To date there is no record that Defendant Lindsay was properly served. Therefore, pursuant to Rule 4(m) the Complaint against Defendant Lindsay is dismissed without prejudice.

## VI. CONCLUSION

For the foregoing reasons, Defendant Rios's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.

Defendant Rios's motion is GRANTED as to Plaintiff's negligence claim. To the degree that Plaintiff makes negligence claim under the Federal Tort Claims Act, it is DISMISSED for lack of subject matter jurisdiction WITHOUT PREJUDICE.

Defendant Rios's motion is DENIED as to Plaintiff's <u>Bivens</u> deliberate indifference claim. The court declines to convert Defendant's motion to one for summary judgment. Plaintiff is permitted to take discovery limited to the issue of exhaustion.

Plaintiff's Motion to Amend is DENIED.

The Complaint against Defendant Lindsay is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
August 14, 2014

NICHOLAS G. GARAUFIS  
United States District Judge

---

[4] It appears that service on Defendant Rios was untimely because it was effected within 120 days of the Amended Complaint, but not within 120 days from the date of the initial Complaint. However, notwithstanding this delay, the defendants have waived the right to assert the lack of jurisdiction based on insufficient service because it was not promptly asserted by motion or in the responsive pleading. Fed. R. Civ. P. 12(h)(1).

18